# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ROOR INTERNATIONAL BV and SREAM, INC.,**

**Plaintiffs,**

**v.** **Case No: 6:19-cv-171-Orl-31LRH**

**DNR USA CORP. and RAKESH PATEL,**

**Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT FINAL JUDGMENT AGAINST DNR USA CORP (Doc. No. 38)[1]** |
| **FILED:** | **March 12, 2020** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

---

[1] Although by title the motion for default judgment relates only to Defendant DNR USA Corp., throughout the motion, it is clear that Plaintiffs seek default judgment against both Defendants—DNR USA Corp. and Rakesh Patel. *See*, *e.g.*, Doc. No. 38, at 5 (emphasis added) ("[I]f default judgment is not granted, the Plaintiffs will be left with no recourse for its injuries to its reputation and business caused by *the Defendants'* illegal counterfeiting activities. . . . "[T]he Court should grant this motion and enter a default judgment against *the Defendants*.").

## I. BACKGROUND.

On January 25, 2019, Plaintiffs RooR International BV and Sream, Inc. filed a complaint against Defendants DNR USA Corp. and Rakesh Patel, seeking injunctive relief and statutory damages for Defendants' willful trademark infringement, counterfeiting, and false designation of origin/unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq*. Doc. No. 1. Plaintiffs seek relief pursuant to 15 U.S.C. §§ 1114, 1116(d), 1117, 1118, and 1125(a). *Id.* at 11–19.

Plaintiff RooR International BV ("RooR") is the registered owner of the "RooR" trademark. *Id.* ¶ 5. Plaintiff Sream, Inc. ("Sream") is the exclusive United States licensee authorized to use the "RooR" trademark and has been granted authority by RooR to police and enforce the "RooR" trademark within the United States. *Id.* ¶ 6; *see* Doc. No. 1-3.

Plaintiffs allege that "RooR" branded products include borosilicate jointed-glass water pipes, parts, and accessories. Doc. No. 1 ¶ 9. The "RooR" brand is one of the leading companies in the industry and has been recognized for its innovative products and designs. *Id.* These products are highly renowned for their ornate and innovative characteristics. *Id.* Roor's products are made from superior materials and are handblown by individual artists. *Id.* ¶ 18. RooR's federally registered trademarks include U.S. Trademark Registration Numbers: 2,235,638; 2,307,176; and 3,675,839 for the trademark "RooR." *Id.* ¶¶ 12a.–d.; Doc. No. 1-1; Doc. No. 1-2.

Plaintiffs allege that Defendants have, without their consent, offered for sale in the United States counterfeit goods using reproductions, counterfeits, copies, and/or colorable imitations of one or more of the "RooR" marks. Doc. No. 1 ¶ 24. Plaintiffs include with the complaint photographs of the counterfeit goods. Doc. No. 1-5. Defendants' offer of counterfeit goods under the infringing marks has resulted in loss of business, customers, contracts, and sales for Plaintiffs. Doc. No. 1 ¶ 41. Plaintiffs allege that Defendants' unauthorized use of the counterfeit marks is likely to

cause confusion or mistake in the minds of the public and creates a false impression that the water pipes offered for sale by Defendants are authorized or approved by Plaintiffs. *Id*. at 8–11. Plaintiffs allege that Defendants' conduct constitutes willful trademark infringement. *Id.* at 9–10, 13. Plaintiffs allege that the lost profits are difficult to determine, and they seek statutory damages, costs, and injunctive relief. *Id.* at 13–17. With respect to their false designation claim, 15 U.S.C. § 1125(a), Plaintiffs allege they have no adequate remedy at law. *Id.* ¶ 84.

Defendant Rakesh Patel was served with process on July 27, 2019. Doc. No. 22. On November 14, 2019, upon Plaintiffs' motion, a Clerk's default was entered against Patel. Doc. Nos. 26–28. Defendant DNR USA Corp. was served with process on November 29, 2019. Doc. No. 29. On January 9, 2020, upon Plaintiffs' motion, a Clerk's default was entered against it. Doc. Nos. 32, 35.[2]

On March 12, 2020, Plaintiffs filed the instant motion for default judgment. Doc. No. 38. In the motion, Plaintiffs seek $15,000.00 in statutory damages, $1,689.71 in costs, and a permanent injunction against Defendants. *Id.*; *see also* Doc. No. 38-4. In a proposed order included with the motion for default judgment, Plaintiffs also ask that the Court order Defendants to deliver the infringing products to Plaintiffs for destruction pursuant to 15 U.S.C. § 1118, and Plaintiffs ask that the Court retain jurisdiction pertaining to matters related to the judgment. *See* Doc. No. 38-4.

The motion for default judgment (Doc. No. 38) was referred to the undersigned, and the matter is ripe for review.

---

[2] Service on both Defendants appears proper. Plaintiffs filed a return of service stating that Rakesh Patel was served by substitute service on "Mrs. Patel as Mother-Co-resident" at Rakesh Patel's usual place of abode. Doc. No. 22; *see* Fla. Stat. § 48.031(1)(a). Plaintiffs also filed a return of service stating that DNR USA Corp. was served by serving a copy of the summons and complaint on Rakesh Patel as "corporate officer." Doc. Nos. 29–30; *see* Fla. Stat. §§ 48.081(1), (3)(a).

## II. STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[3] Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to" a default judgment. *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

A complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This analysis applies equally to motions for default judgment. *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (citations omitted).

If the plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Unlike well-pleaded allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages to be awarded. *Id.* (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). Ordinarily, unless a

---

[3] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. *See Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985). However, no hearing is needed "when the district court already has a wealth of evidence . . . such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also Wallace*, 247 F.R.D. at 681 ("[A] hearing is not necessary if sufficient evidence is submitted to support the request for damages.").

## III. ANALYSIS.

### A. Trademark Infringement.

Pursuant to 15 U.S.C. §§ 1114 and 1116(d),[4] Plaintiffs seek to hold Defendants liable for willful trademark infringement based on Defendants' use of counterfeit products bearing the "RooR" mark. Doc. Nos. 1, 38. Under the Lanham Act, a defendant is liable for infringement, if, "without the consent of the registrant" he or she:

> use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

15 U.S.C. § 1114(1)(a). Accordingly, to prevail on a claim for trademark infringement, a plaintiff must demonstrate that "(1) its mark was used in commerce by the defendant without the [plaintiff's] consent and (2) the unauthorized use was likely to cause confusion, or to cause mistake or to

[4] 15 U.S.C. § 1116(d)(1)(A) provides that in civil actions arising under section 1114(1)(a), "the court may, upon ex parte application, grant an order . . . providing for the seizure of goods and counterfeit marks involved in such violation and the means of making such marks, and records documenting the manufacture, sale, or receipt of things involved in such violation." 15 U.S.C. § 1116(d)(1)(B) provides the definition for "counterfeit mark."

deceive." *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241 (11th Cir. 2007) (quoting *Burger King Corp. v. Mason*, 710 F.2d 1480, 1491 (11th Cir. 1983)).

In this case, Plaintiffs have alleged that they have a valid trademark. Doc. No. 1, at 4. Plaintiffs have also alleged that Defendants have used that mark without Plaintiffs' consent, Defendants have sold counterfeit products bearing that mark, and the sale of the counterfeit product is likely to cause consumer confusion. *Id.* at 8–9. Plaintiffs have alleged that Defendants' infringement was willful. *Id.* at 9, 13. Plaintiffs have attached to the complaint as exhibits photographs of the infringing products, as well as a copy of the mark in question. Doc. Nos. 1-2, 1-5; *see also* Doc. No. 1, at 4.

Based on the well-pleaded allegations of Plaintiffs' complaint, I recommend that the Court find that Plaintiffs have sufficiently stated a claim for willful trademark infringement against Defendants. *See Roor Int'l Bv v. S & T Tobacco Int'l, Inc.*, No. 6:18-cv-1733-Orl-37GJK, 2019 WL 3225532, at *3 (M.D. Fla. June 27, 2019), *report and recommendation adopted*, 2019 WL 3219837 (M.D. Fla. July 17, 2019).

B. False Designation of Origin.

Plaintiffs also seek to hold Defendants liable for false designation of origin and unfair competition. Doc. No. 1, at 15. 15 U.S.C. § 1125(a) provides:

> (1) Any person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person
> >
> > . . .

> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

To prevail on a claim of false designation of origin under 15 U.S.C. § 1125(a), a plaintiff must demonstrate "(1) that [he or she] had enforceable trademark rights in the mark or name, and (2) that the defendant made unauthorized use of it 'such that consumers were likely to confuse the two.'" *Custom Mfg. and Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 648–49 (11th Cir. 2007) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 358 (11th Cir. 1997)); *see also Ross Bicycles, Inc. v. Cycles USA, Inc.*, 765 F.2d 1502, 1503 (11th Cir. 1985) ("To prevail on a false designation of origin claim under 15 U.S.C. § 1125(a) a plaintiff must establish that the defendant adopted a mark confusingly similar to the plaintiff's mark such that there was a likelihood of confusion as to the origin of the goods." (citing *Conagra, Inc. v. Singleton*, 743 F.2d 1508, 1512 (11th Cir. 1984))).

As discussed above, the complaint alleges that Plaintiff RooR owns the marks at issue. Doc. No. 1, at 4. The complaint further alleges that Defendants' unauthorized use of the marks is likely to cause confusion among consumers and falsely creates the impression that the pipes offered for sale by Defendants originated with or are authorized by Plaintiffs. *Id.* at 16. Accepting these well-pleaded allegations of the complaint as true, I recommend that the Court find that Plaintiffs have sufficiently stated a claim for false designation of origin against Defendants.

C. <u>Injunctive Relief</u>.

"Federal courts may grant permanent injunctions where infringement is found to have occurred in order to prevent further infringing use of a mark." *Aronowitz v. Health-Chem Corp.*, 513 F.3d 1229, 1242 (11th Cir. 2008). A plaintiff seeking a permanent injunction must demonstrate: (1) irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the

parties, that a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

Pursuant to the Lanham Act, the Court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable" to prevent violations of trademark law. 15 U.S.C. § 1116(a). In trademark infringement actions, injunctive relief is often appropriate because "there is no adequate remedy at law to redress infringement and infringement by its nature causes irreparable harm." *Perry Ellis Int'l, Inc. v. URI Corp.*, No. 06-22020-CIV, 2007 WL 3047143, at *7 (S.D. Fla. Oct. 18, 2007) (citing *Levi Strauss & Co. v. Sunrise Int'l Trading, Inc.*, 51 F.3d 982 (11th Cir. 1995); *Gen. Motors Corp. v. Pat Cat Carts. Inc.*, No. 8:06-cv-900-SCB-MSS, 2006 WL 2982869 (M.D. Fla. 2006)). Trademark infringement encroaches on "the right of the public to be free of confusion" as well as "the synonymous right of the trademark owner to control his products' reputation." *BellSouth Advertising & Publishing Corp. v. Real Color Pages, Inc.*, 792 F. Supp. 775, 785 (M.D. Fla. 1991) (citing *James Burrough Ltd. v. Sign of Beefeater, Inc.*, 540 F.2d 266, 274 (7th Cir. 1976)).

Plaintiffs' proposed order requests that the Court issue a permanent injunction in this matter. Doc. No. 38-4. Although Plaintiffs' motion for default judgment presents no argument as to why a permanent injunction should issue, the well-pleaded allegations of the complaint establish each of the necessary elements. Plaintiffs have established that Defendants' actions, by their nature, cause irreparable harm to Plaintiffs and that they have no adequate remedy at law. Specifically, Plaintiffs allege that Defendants' infringing conduct is causing irreparable harm and injury to Plaintiffs and to the goodwill and reputation of the RooR marks. Doc. No. 1, at 17. Plaintiffs allege that the sale of the counterfeit, inferior goods is misleading consumers. *Id.* at 8. Plaintiffs further allege that

Defendants' sale of the counterfeit goods has resulted in lost business opportunities, customers, contracts, and sales to Plaintiffs. *Id.* at 10. Plaintiffs further allege that they have no adequate remedy at law and that Defendants' wrongful acts will continue unless enjoined by the Court. *Id.* at 10, 11, 17. Accordingly, the undersigned recommends that the Court find that permanent injunctive relief is appropriate. *See, e.g.*, *Ferrellgas Partners, L.P. v. Barrow*, 143 F. App'x 180, 191 (11th Cir. 2005) ("[G]rounds for irreparable injury include loss of control of reputation, loss of trade, and loss of goodwill." (quoting *Pappan Enters., Inc. v. Hardee's Food Sys., Inc.*, 143 F.3d 800, 805 (3d Cir. 1998)));[5] *Davidoff & CIE, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1304 ("[T]he public interest is served by preventing consumer confusion in the marketplace.").

D. Statutory Damages.

Plaintiffs seek statutory damages pursuant to 15 U.S.C. § 1117(c). Doc. No. 38, at 5–8. Section 1117(c) provides that in cases involving the use of a counterfeit mark in connection with a sale, offering, or distribution of goods, "the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits . . . an award of statutory damages [of] . . . not less than $1,000 and not more than $200,000.00 per counterfeit mark per type of good or services sold, offered for sale or distributed, as the court considers just." 15 U.S.C. § 1117(c). If the Court finds that the use of the counterfeit mark is willful, a plaintiff may seek not more than $2,000,000.00 per counterfeit mark. *Id.* Trademark infringement is "willful" when "the infringer acted with actual knowledge or reckless disregard." *Sream, Inc. v. Asat Inc.*, No. 18-14258-CIV, 2019 WL 1573337, at *4 (S.D. Fla. Apr. 11, 2019) (quoting *Petmed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1220 (S.D. Fla. 2004)). "[T]he Court has wide discretion

[5] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36-2.

to determine the amount of statutory damages." *Id.* (quoting *Chanel, Inc. v. Besumart.com*, 240 F. Supp. 3d 1283, 1292 (S.D. Fla. 2016)).

Plaintiffs seek an award of $15,000.00 in statutory damages. Doc. No. 1, at 18; Doc. No. 38, at 1. In the motion for default judgment, Plaintiffs argue that this amount "not only reflects actual damages suffered by the Plaintiff, but also sends an unequivocal message to the industry that counterfeiting will not be tolerated, nor will misrepresentations or otherwise refusing to cooperate with discovery demands . . . ." Doc. No. 38, at 8. Plaintiffs have alleged that Defendants' infringement was willful and that Defendants used the RooR mark to cause consumers to believe they were purchasing authentic RooR products. Doc. No. 1. Plaintiffs have filed affidavits of Sream's owner, Jarir Faraj, in support of their requested statutory damages. Doc. Nos. 38-2; 38-3. Mr. Faraj avers that the amount of actual damages caused by Defendants' infringement is "nearly impossible to determine" when the defendant fails to appear and participate in discovery; however, Plaintiffs have suffered losses such as consumer goodwill, loss of brand reputation, confusion in the marketplace, and lost profits. Doc. No. 38-2, at 4. As to the value of Plaintiffs' damages, Mr. Faraj avers that Sream's total sales dropped over 35% in 2016 due to the presence of counterfeit products in the marketplace, and that the sale of counterfeit RooR products "has almost devastated the marketplace." Doc. No. 38-3, at 3.

Based upon a review of the record, the undersigned recommends that the Court find that an award of $15,000.00 is reasonable and just pursuant to 15 U.S.C. § 1117(c). *See Roor Int'l Bv*, 2019 WL 3225532, at *3, *report and recommendation adopted*, 2019 WL 3219837 (awarding $15,000 in statutory damages in substantially similar case).

E. Return of Infringing Materials for Destruction.

Plaintiffs request that this Court enter a proposed order that includes a direction to Defendants to deliver any materials bearing the infringing mark to Plaintiffs for destruction, pursuant to 15 U.S.C. § 1118. Doc. No. 38-4, at 2. Plaintiffs also sought such relief in the complaint. Doc. No. 1, at 19. Plaintiffs' motion for default judgment, however, does not address the relief they seek pursuant to 15 U.S.C. § 1118. Doc. No. 24, at 1. Nonetheless, because Plaintiffs have requested that the Court accept the proposed order, the undersigned has considered Plaintiffs' request. *See Roor Int'l Bv*, 2019 WL 3225532, at *3, *report and recommendation adopted*, 2019 WL 3219837. Section 1118 provides that:

> In any action arising under this chapter, in which violation of any right of the registrant of a mark registered in the Patent and Trademark office, a violation under section 1125(a) of this title, or a willful violation under section 1125(c) of this title, shall have been established, the court may order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of the defendant, bearing the registered mark or, in the case of a violation of section 1125(a) of this title or a willful violation under section 1125(c) of this title, the word, term, name, symbol, device, combination thereof, designation, description, or representation that is the subject of the violation, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, shall be delivered up and destroyed. . . . .

15 U.S.C. § 1118. Accordingly, having found that Defendants violated 15 U.S.C. § 1125(a), Plaintiffs are entitled to the relief requested pursuant to 15 U.S.C. § 1118. *See Roor Int'l Bv*, 2019 WL 3225532, at *3, *report and recommendation adopted*, 2019 WL 3219837.

F. Costs.

Plaintiffs request total costs in the amount of $1,689.71, which includes the filing fee ($400.00), process server fees ($1,051.60), investigation costs ($237.44), and "miscellaneous fees" ($0.67). Doc. No. 38, at 1–2, 9; Doc. No. 38-1, at 2. Pursuant to 15 U.S.C. § 1117, Plaintiffs may

recover the costs of the action. Costs are generally limited to those recoverable under 28 U.S.C. § 1920. *Sream, Inc.*, 2019 WL 1573337, at *4.

Plaintiffs are entitled to recover the $400.00 filing fee. *See* 28 U.S.C. § 1920(1). However, Plaintiffs' investigation costs of $237.44 are not otherwise recoverable under § 1920, and Plaintiffs provide no legal basis upon which to award their investigation costs. Likewise, Plaintiffs provide no legal support for their request for $0.67 in "miscellaneous fees." Similarly, Plaintiffs provide no support for their request to recover $1,051.60 in process server fees, or evidence on how such fees were incurred.[6] Specifically, Plaintiffs fail to explain whether there were multiple service attempts, how such fees were allocated for those attempts, or whether these costs accrued from unsuccessful service. *See, e.g.*, *Keenan v. Concept Mgmt. Grp.*, No. 6:14-cv-1725-Orl-31GJK, 2015 WL 4645396, at *9 (M.D. Fla. Aug. 4, 2015) (declining to award plaintiffs costs for service that was never made); *Cadle v. Geico Gen. Ins. Co.*, No. 6:13-cv-1591-Orl-31GJK, 2015 WL 4352048, at *3 (M.D. Fla. July 14, 2015) (citations omitted) ("[I]t is imperative that the party seeking costs for multiple service attempts provide evidence justifying the need for multiple service attempts."). Because Plaintiffs have failed to justify that the costs for service of process are recoverable, I recommend that the Court decline to award these proposed costs.

Accordingly, I recommend that the Court award total costs in the amount of $400.00.

G. Retention of Jurisdiction.

Plaintiffs' proposed order provides that the Court will retain jurisdiction over any matter pertaining to this judgment. Doc. No. 38-4, at 2. The Court has the discretion to retain

[6] Plaintiffs' requested costs for service of process appear excessive. Costs for private service of process are recoverable to the extent that they do not exceed the statutory fees the United States Marshals Service may collect pursuant to 28 U.S.C. § 1921. *See* 28 U.S.C. §§ 1920(1), 1921; *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). The current statutorily authorized fees for § 1921 are set forth in 28 C.F.R. § 0.114(a)(3), which provides that the U.S. Marshals Service may collect $65.00 per hour for service of process, plus travel costs and any other out-of-pocket expenses.

jurisdiction, and given the grant of permanent injunctive relief, retention of jurisdiction would be proper in this instance. *See Roor Int'l Bv*, 2019 WL 3225532, at *3, *report and recommendation adopted*, 2019 WL 3219837 (retaining jurisdiction in substantially similar case).

## IV. RECOMMENDATION.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT in part and DENY in part** Plaintiffs' motion for default judgment (Doc. No. 38), and order as follows:

1. Plaintiffs' motion for default judgment is **GRANTED in part**.
2. It is hereby **ORDERED** that Judgment be entered in favor of Plaintiffs on all claims, and Defendants shall be liable to Plaintiffs in the amount of $15,400.00 (comprising statutory damages of $15,000.00 and costs of $400.00) for which let execution issue.
3. It is **FURTHER ORDERED** that Defendants, their agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concert or participation with it are permanently restrained and enjoined from infringing upon the RooR Marks with the registration numbers 3,675,839, 2,307,176, and 2,235,638 directly or contributorily, in any manner, including but not limited to:
    a. Import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing advertising or promotion of the counterfeit RooR product identified in the complaint and any other unauthorized RooR product, counterfeit, copy or colorful imitation thereof; or

b. Assisting, aiding, or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs (a) above.

4. It is **FURTHER ORDERED** that pursuant to 15 U.S.C. § 1118, Defendants, at their cost, deliver to Plaintiffs for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody, or control bearing any of the RooR Marks.

5. It is **FURTHER ORDERED** that the Court retains jurisdiction over any matter pertaining to this judgment.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 17, 2020.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party